UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAWN B. DUNPHY,

       *Plaintiff*,

  v.

CARLOS DEL TORO,

       *Defendant*.

Civil Action No. 23-2250 (LLA)

## MEMORANDUM OPINION

Dawn Dunphy filed this suit against Secretary of the Navy Carlos Del Toro, alleging violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 in connection with her employment at the Naval Surface Warfare Center's Philadelphia Division. ECF No. 1. Secretary Del Toro moves to have the case dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3) or transferred to the Eastern District of Pennsylvania under 28 U.S.C. §§ 1404(a) or 1406(a). ECF No. 8, at 2-9. He also moves to dismiss certain counts for failure to state a claim under Rule 12(b)(6). ECF No. 8, 10-17. Ms. Dunphy opposes dismissal but consents to a transfer to the Eastern District of Pennsylvania. ECF No. 12, at 2-4. For the reasons explained below, Secretary Del Toro's motion is granted in part and denied in part, and the case will be transferred to the Eastern District of Pennsylvania under 28 U.S.C. § 1406(a).

### I.  Background

The court takes the allegations in Ms. Dunphy's complaint as true for the purposes of deciding the pending motion. *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). Ms. Dunphy worked for the Naval Sea Systems Command at the Naval Surface Warfare Center's Philadelphia Division from 2013 to 2018. ECF No. 1, ¶ 10. She had several disabilities that

required multiple workplace accommodations.  ECF No. 1, ¶¶ 12-13, 15-16, 23, 31, 32.  The "Disability Program Manager," who was involved with Ms. Dunphy's accommodations, was based in the District of Columbia, and that is also where the Naval Sea Systems Command is headquartered.  ECF No. 1, ¶ 9.

Ms. Dunphy alleges that the Naval Sea Systems Command failed to accommodate her disabilities and ultimately terminated her employment based on her "inability to perform as a result of a medical condition."  ECF No. 1, ¶¶ 155, 157.  After exhausting her administrative remedies, Ms. Dunphy brought this action against Secretary Del Toro in the District of Columbia.  ECF No. 1.  She brings claims of disability discrimination, failure to accommodate, retaliation, and hostile work environment under the ADA and the Rehabilitation Act.  ECF No. 1, ¶¶ 172-197.

## II.     Legal Standards

Under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), the court may dismiss a case for improper venue.  Section 1406(a) also authorizes the court to transfer a case to the appropriate venue "if it be in the interest of justice."  "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

## III.    Discussion

Venue in cases brought under the ADA and the Rehabilitation Act is governed by 42 U.S.C. § 2000e-5.  *See* 42 U.S.C. § 12117(a) (ADA); *Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012) (Rehabilitation Act).  Under that statute, the plaintiff may bring her action (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice

are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).

Secretary Del Toro argues that venue is not proper in the District of Columbia because Ms. Dunphy alleges that the unlawful employment practices occurred in Philadelphia, and she does not allege that the records or any positions to which she applied were in the District of Columbia.  ECF No. 8, at 4-5.  Ms. Dunphy does not disagree.  ECF No. 12, at 4.  She maintains that she had a "reasonable belief" that individuals involved in decisions about her accommodations were based in the District of Columbia so as to justify her initial filing in this court, ECF No. 12, at 4, but, in light of Secretary Del Toro's motion, she "concedes that venue is better suited to the Eastern District of Pennsylvania," ECF No. 12, at 1.

The court agrees with the parties that venue is not proper in the District of Columbia because the allegations in Ms. Dunphy's complaint do not satisfy any prong of Section 2000e-5(f)(3).  The court further concludes that transferring the case to the Eastern District of Pennsylvania, rather than dismissing it, is in the interest of justice.  The "standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it." *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001).  Secretary Del Toro has not argued that he will be prejudiced by a transfer to the Eastern District of Pennsylvania, but instead devotes most of his briefing to affirmatively seeking a transfer.  The case is still in its early days, and it should be litigated on the merits in the proper venue.[1]

---

[1] While the court concludes that dismissal under Rule 12(b)(3) is not warranted, it takes no position on Secretary Del Toro's arguments for dismissal under Rule 12(b)(6).  The court will direct Secretary Del Toro to respond to the complaint no later than twenty-one days after the case is docketed in the Eastern District of Pennsylvania.  *See* ECF No. 8, at 9 (requesting an extension in the event of a transfer).

## IV. Conclusion

For the foregoing reasons, the court will transfer the case to the Eastern District of Pennsylvania but otherwise deny Secretary Del Toro's motion to dismiss. Additionally, the court will direct Secretary Del Toro to respond to the complaint no later than twenty-one days after the case is docketed in the Eastern District of Pennsylvania. An Order consistent with this Memorandum Opinion will issue contemporaneously.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: April 5, 2024